RECEIVED
IN ALEXANDRIA, LA
FEB 9 2009
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| CALVIN G. BELTON<br>La. DOC #300340<br>VS.<br><br>TIM WILKINSON, WARDEN | CIVIL ACTION NO. 08-1489<br><br>SECTION P<br>JUDGE DRELL<br>MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Pro se petitioner Calvin G. Belton filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on October 3, 2008. Petitioner is an inmate in the custody of Louisiana's Department of Corrections. He is incarcerated at the Winn Corrections Center, Winnfield, Louisiana. Petitioner attacks the 55 year sentences imposed by Tenth Judicial District Court, Natchitoches Parish, following his 1995 convictions for aggravated burglary and forcible rape. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d).

### *Background*

On July 27, 1995 petitioner was convicted of two counts of aggravated burglary and two counts of forcible rape following a trial in the Tenth Judicial District Court, Natchitoches Parish, Louisiana. On November 17, 1995 he was sentenced to serve 55

years and 6 months. [rec. doc. 1, ¶s 1-6] His motion to reconsider sentence which was filed on January 19, 1996 was denied on January 22, 1996. [rec. doc. 1, ¶11]

He appealed to the Third Circuit Court of Appeals arguing excessiveness of sentence. [rec. doc. 1¶s 8-9] On March 6, 1998 his conviction and sentences were affirmed in an unpublished opinion. State of Louisiana v. Calvin G. Belton, 1997-01069 (La. App. 3 Cir. 3/6/1998), 709 So.2d 1107 (Table). He did not seek further direct review in either the Louisiana Supreme Court [rec. doc. 1, ¶9(g)] or the United States Supreme Court. [rec. doc. 1, ¶9(h)].

On some unspecified date prior to October 30, 2003 he filed an application for writ of *habeas corpus*/post-conviction in the Tenth Judicial District Court. His application was denied as untimely by the District Court on October 30, 2003. Petitioner did not seek further review of this judgment. [rec. doc. 1, ¶12(d)]

Petitioner filed the instant petition on October 3, 2008. He raises a single claim – excessiveness of sentence. [rec. doc. 1, ¶12 – Ground One(a)]

## *Law and Analysis*

### *1. Limitations – 28 U.S.C. §2244(d)(1)(A)*

This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA).

2

Therefore, the court must apply the provisions of AEDPA, including the timeliness provisions codified at 28 U.S.C. §2244(d). Villegas v. Johnson, 184 F.3d 467, 468 (5th Cir. 8/9/1999); In Re Smith, 142 F.3d 832, 834, citing Lindh v. Murphy, 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

Title 28 U.S.C. §2244(d)(1)(A) was amended by AEDPA to provide a one-year statute of limitations for the filing of applications for writ of *habeas corpus* by persons such as petitioner, who are in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[1]

The statutory tolling provision of 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for state post-conviction or other collateral review was pending in state court is not counted toward the limitation period. Ott v. Johnson, 192 F.3d 510, 512 (5th Cir. 1999); Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). Any

---

[1] Nothing in the record suggests that petitioner is relying on a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review. Nothing in the record suggests that the factual predicate of petitioner's claims was only recently discovered. Finally, nothing of record suggests that State created impediments prevented petitioner from timely filing this petition. (see 28 U.S.C. § 2244(d)(1)(B), (C), and (D)).

3

lapse of time <u>before</u> the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. <u>Villegas</u>, 184 F.3d 467, citing <u>Flanagan v. Johnson</u>, 154 F.3d 196, 197 (5th Cir.1998). Federal courts may raise the one-year time limitation *sua sponte*. <u>Kiser v. Johnson</u>, 163 F.3d 326 (5th Cir. 1999).

Petitioner appealed his conviction and sentence to the Third Circuit Court of Appeals; that Court affirmed his conviction and sentence On March 6, 1998. <u>State of Louisiana v. Calvin G. Belton</u>, 1997-01069 (La. App. 3 Cir. 3/6/1998), 709 So.2d 1107 (Table). By his own admission petitioner did not seek further direct review in the Louisiana Supreme Court. [rec. doc. 1, ¶9(g)]

Thus, for AEDPA purposes, petitioner's judgment of conviction and sentence, at the latest, "became final by ... the expiration of the time for seeking [direct] review" [28 U.S.C. §2244(d)(1)(A)], on April 6, 1998 when the 30 day period for seeking further direct review in Louisiana's Supreme Court elapsed.[2] Under 28 U.S.C. §2244(d)(1) petitioner had one year, or

---

[2] See La. Supreme Court Rule X, §5(a) which provides, "An application seeking to review a judgment of the court of appeal either after an appeal to that court, or after that court has granted relief on an application for supervisory writs (but not when the court has merely granted an application for purposes of further consideration), or after a denial of an application, <u>shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal</u>; however, if a timely application for rehearing has been filed in the court of appeal in those instances where a rehearing is allowed, the application shall be made within thirty days of the mailing of the notice of denial of rehearing or the judgment on rehearing. No extension of time therefor will be granted."

until April 6, 1999 to file his federal *habeas* petition.

Further, it does not appear that petitioner is entitled to the benefits of statutory tolling pursuant to §2244(d)(2). That statute provides, "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." The record submitted by the petitioner suggests that he did not seek post-conviction relief until some time prior to October 2003 [rec. doc. 1, ¶12(d)] and by that time the limitations period had already long expired. As shown above, any lapse of time <u>before</u> the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. Villegas, 184 F.3d 467, citing Flanagan v. Johnson, 154 F.3d 196, 197 (5th Cir.1998).

Petitioner neglected to provide the date he filed his ill-fated post-conviction litigation; however, even if that pleading served to toll the AEDPA limitations period, he allowed almost five years to elapse between October 30, 2003 – the date it was denied as untimely and October 3, 2008 – the date he filed the instant *habeas* petition. Further, since the state court pleading was dismissed as untimely, it was not "properly filed" and thus could not have served to toll limitations pursuant to

5

§2244(d)(2). See <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 414-18, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)(An untimely filed state post-conviction pleading is not "properly filed" so as to toll limitations under the AEDPA.)

In short, the available evidence establishes that the instant petition is time-barred by the provisions of 28 U.S.C. §2244(d)(1)(A).[3]

## 2. Equitable Tolling

The one-year limitation period is subject to equitable tolling but, only in "rare and exceptional cases." <u>Davis v. Johnson</u>, 158 F.3d 806, 811 (5th Cir.1998), *cert. denied*, 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999); see also <u>Fisher v. Johnson</u>, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting <u>Davis</u>, 158 F.3d at 811)).

Neither unfamiliarity with the legal process (whether the unfamiliarity is due to illiteracy or any other reason), ignorance of the law, nor even lack of representation during the applicable filing period merits equitable tolling. See <u>Turner v. Johnson</u>, 177 F.3d 390, 291 (5th Cir.1999); see also <u>Barrow v. New</u>

---

[3] In addition, it should be noted that petitioner did not present his federal claims to the Louisiana Supreme Court and therefore the claim remains unexhausted. Since petitioner is now prohibited from litigating his claim in the Louisiana courts, his claim would be subject to dismissal as procedurally defaulted. Since the claims are obviously time-barred, however, there is no need to engage in a full and complete discussion of exhaustion, procedural default, and cause and prejudice.

Orleans S.S. Ass'n, 932 F.2d 473, 478 (5th Cir.1991) (age discrimination case).

The circumstances alleged herein are not extraordinary enough to qualify for equitable tolling under § 2244(d)(1). "Equitable tolling applies principally where the plaintiff is <u>actively misled by the defendant</u> about the cause of action <u>or is prevented in some extraordinary way from asserting his rights.</u>" Coleman v. Johnson, 184 F.3d 398, 402 (1999), cert. denied, 529 U.S. 1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000), (quoting Rashidi v. American President Lines, 96 F.3d 124, 128 (5th Cir.1996) (emphasis supplied). The pleadings do not suggest that petitioner was "actively misled" nor do they suggest that he was prevented in any way from asserting his rights.

**ACCORDINGLY,**

**IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d) and he is not eligible for the benefits of either statutory or equitable tolling.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10)

days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See,* Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Alexandria, Louisiana February 7, 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE